Jodi K. Swick No. 228634
Hanqiu Ian Liu No. 333075
**McDOWELL HETHERINGTON LLP**
1999 Harrison Street, Suite 2050
Oakland, CA 94612
Telephone:   510.628.2145
Facsimile:    510.628.2146
Email:           jodi.swick@mhllp.com
                      Ian.liu@mhllp.com

Attorneys for Plaintiff
SECURIAN LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURIAN LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTINA SMITH AND LEANNA MARTINEZ <br><br> Defendants. | Case No.  2:24-cv-01373-KJM-JDP <br><br> **ORDER FOR JOINT STIPULATION FOR ENTRY OF JUDGMENT OF DISCHARGE IN INTERPLEADER AND DISMISSAL OF ACTION** |

Upon review and approval of the Joint Stipulation for Entry of Judgment of Discharge in Interpleader and Dismissal of Action, it is appearing that this Court has jurisdiction of the parties, and the subject matter set forth in Plaintiff Securian Life Insurance Company's Complaint for Interpleader Relief filed in this action, and for good cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.     Securian is the insurer of group benefits to Chevron Corporation as part of an employee welfare benefit plan regulated by ERISA.

2.     As of October 6, 2014, Shaun Christopher Martinez (the "Decedent"), as an

employee of Chevron Corporation and pursuant to the ERISA-governed plan, became a certificate holder of insurance policy number 0070592 for a total basic life insurance benefit of $232,584.00 (the "Policy").

3. On October 28, 2022, Decedent designated Ms. Martinez as the 100% beneficiary under the Policy.

4. On November 4, 2022, Ms. Martinez filed for divorce from Decedent in the Superior Court of California, County of Solano, case number FFL 161998.

5. On November 19, 2022, Decedent designated Ms. Smith as the 100% beneficiary under the Policy.

6. On or about November 6, 2023, Decedent increased his coverage under the Policy by electing to enroll in $470,000.00 of supplemental life insurance. This supplemental life insurance took effect on January 1, 2024.

7. Ms. Smith contends that in 2023, Decedent attempted to submit the final judgment paperwork to complete the divorce with Ms. Martinez. Decedent and Ms. Smith then obtained a marriage license and held a ceremony in late 2023.

8. Ms. Martinez contends that the divorce was not finalized, and that Decedent failed to marry Ms. Smith.

9. On February 14, 2024, Decedent passed away.

10. At the time of Decedent's death, his total life insurance benefits under the Policy totaled $702,584.00 ("Death Benefits").

11. At the time of Decedent's death, Ms. Smith was designated as the 100% beneficiary under the Policy.

12. On or about February 20, 2024, through her attorney, Ms. Martinez, in her capacity as Decedent's legal spouse, made a claim to Securian for Decedent's Death Benefits. Ms. Martinez contends that Decedent's Policy beneficiary designation naming Ms. Smith at 100% Policy beneficiary is invalid because a family court restraining order entered during their divorce prohibited Decedent from changing the beneficiary on any life insurance policies pursuant to California Family Code 2024(a)(3). Among other

1  things, Ms. Martinez contends that the Policy proceeds constitute community property
2  that was accrued during her marriage to the Decedent.
3      13.   On or about March 4, 2024, Ms. Smith contends that the Policy beneficiary
4  designation naming her the 100% Policy beneficiary is valid and submitted a claim for the
5  Decedent's Death Benefits as such.
6      14.   Securian was unable to safely pay the Death Benefits without being exposed
7  to double or multiple liability to Defendants. Consequently, on May 14, 2024, Securian
8  commenced this action by filing the Complaint for Interpleader Relief due to the
9  competing claims to the Death Benefits by Ms. Smith and Ms. Martinez. Securian's
10 Complaint against Ms. Smith and Ms. Martinez was initiated pursuant to Rule 22 of
11 Federal Rules of Civil Procedure, 28 U.S.C. § 1331, and 28 U.S.C. §1332.
12     15.   This Court has jurisdiction over this matter under 28 U.S.C. § 1332 and
13 Federal Rule of Civil Procedure Rule 22 because Securian is diverse in citizenship from
14 each and every defendant and the amount in controversy exceeds $75,000. Securian is a
15 citizen of the State of Minnesota, and all Defendants are citizens of the State of California.
16 The amount in controversy in this action exceeds $75,000 because the subject Death
17 Benefits total $702,584.00.
18     16.   This interpleader action also is brought pursuant to 28 U.S.C. § 1331 of the
19 Federal Rules of Civil Procedure. This action meets the requirements for federal question
20 jurisdiction as the subject group insurance policy is part of an employee welfare benefit
21 plan governed by the Employee Retirement Income Security Act of 1974, as amended
22 ("ERISA"), 29 U.S.C. § 1001 et seq.
23     17.   Securian has properly filed the Complaint for Interpleader Relief and stated
24 a proper cause for interpleader.
25     18.   Securian is a disinterested stakeholder and is indifferent to which
26 defendant(a) is entitled to the Death Benefits.
27     19.   Defendants, via counsel, have appeared in the action. Ms. Smith's
28 responsive pleading was due on July 5, 2023. Ms. Martinez's responsive pleading was due

on July 12, 2024. However, Defendants have resolved their competing claims to the Death Benefits between themselves.

20. Defendants agree to award Securian its reasonable attorney's fees in the amount of $15,521.30 for bringing this action. *See. Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir.1984) (citation omitted) ("Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action"); *see also, Trustees of Directors Guild of America–Producer Pension Benefits Plans v. Tise,* 234 F.3d 415, 426 (9th Cir. 2000) ("The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court"); *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982) ("In an interpleader action, it is within the court's discretion to award costs to the stakeholder."); *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962) ("[T]he proper rule ... in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading.") *See e.g.*, *ReliaStar Life Insurance Company v. M.S., et al,* 2:19-cv-09628-MCS-AGRx (C.D. Cal., dkt. 98) (award of $43,075.75); *Sun Life Assur. Co. of Canada v. Chan's Estate*, No. C-03-2205 SC, 2003 WL 22227881, at *3 (N.D. Cal. Sept. 22, 2003) (award of $14,000 in fees); *Field v. U.S.*, 2:15–cv–00241–TLN (E.D. Cal., dkt. 188) (award of $36,892.77); *In Rhoades v. Casey*, 196 F.3d 592 (5th Cir. 1999) (award of $23,951); *Massachusetts Mut. Life Ins. Co. v. Sanders*, 787 F. Supp. 2d 628 (S.D. Tex. 2011) (award of $20,392.11); *ReliaStar Life Insurance Company v. Janice E. Hill et al*, 2:22-cv-02476 (C.D. Cal., dkt. 50) (award of $13,161.50).

21. The remainder of the funds, in the amount of $688,764.04, which includes accrued interest, shall be divided equally between Defendants, pursuant to Defendants' confidential settlement of their competing claims. Securian shall disperse a check in the amount of $344,382.02 made payable to "BPMNJ Client Trust Account" that shall be mailed to 520 Capitol Mall, Suite 150, Sacramento, CA 95814. Securian shall disperse a check in the amount of $344,382.02 made payable to "Christina Smith" that shall be

mailed to Matthew J. Ruggles at Ruggles Law Firm, 7940 California Avenue, Fair Oaks, CA 95628.

22. Having properly brought this action, Securian, its predecessors, successors, affiliates, parent corporations, employees, officers and agents are fully and forever released, discharged and acquitted of any liability of any kind or nature whatsoever with respect to the terms of the Policy, the Death Benefits payable under the Policy, and/or the death of the Decedent as to all claims, charges, demands, or otherwise that exist now or may arise at any time in the future.

23. Defendants are permanently enjoined from instituting or prosecuting any proceeding in any state or United States court against Securian, its predecessors, successors, affiliates, parent corporations, employees, officers and agents with respect to the terms of the Policy, the Death Benefits payable under the Policy, and/or the death of the Decedent as to all claims, charges, demands, or otherwise that exist now or may arise at any time in the future.

24. This action is dismissed with prejudice in its entirety. Except for the award of attorneys' fees and costs to Securian described above, all parties are to bear their own fees and costs with respect to this action.

Dated: August 25, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE